IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT I. ELLIS, individually and on behalf of others similarly situated, | ) ) ) | |
| *Plaintiff*, | ) ) | C.A. NO. 4:21-cv-00923 |
| v. | ) ) | JURY |
| UNITED HEALTHCARE INSURANCE COMPANY, MULTIPLAN, INC. D/B/A DATA ISIGHT, | ) ) ) ) | |
| *Defendants*. | ) ) | |

## COMPLAINT

Plaintiff Robert I. Ellis ("Ellis") individually and on behalf of others similarly situated, through the undersigned counsel, complain and allege against United Healthcare Insurance Company ("United") and Multiplan, Inc. d/b/a Data iSight ("DIS") as follows:

## PARTIES

1.      Ellis is a natural person residing and conducting business in Collin County, Texas.

2.      Ellis, and the other members of the class, provided healthcare to insured(s) under United's insurance plans ("the Plan").

3.      The Plans covering the insureds of the fully insured employee welfare benefits are plans under 29 U.S.C. §1001 et. seq., of the Employee Retirement Income Security Act of 1974 ("ERISA").

4.      Defendant United Healthcare Insurance Company is a company organized and existing under the laws of Connecticut with operations in Texas and throughout the country and doing business at 1311 W. President George Bush Hwy, Richardson, Texas. Defendant United Healthcare Insurance Company may be served with process through its registered agent for service

of process CT Corporation System at 67 Burnside Ave., East Hartford, Connecticut 06108, or wherever it may be found.

5.      Defendant Multiplan, Inc. is a company organized and existing under the laws of New York with operations in Texas and throughout the country and doing business as Data iSight at 222 W. Las Colinas Blvd., Suite 1500, Irving, Texas 75039. Defendant Multiplan, Inc. may be served with process through its registered agent for service of process Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701, or wherever it may be found.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this case under 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

7.      Venue is appropriate under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(c) based on ERISA's nationwide service of process and venue provisions, because Data iSight has its headquarters in North Texas and because both Data iSight and United process claims in this district.

8.      The remedies that the Class seeks under the terms of ERISA and under the Plans are for the benefits due under the terms of the Plans and pursuant to 29 U.S.C. § 1132(a)(1)(B), an award of prejudgment interest, and an award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

## GENERAL ALLEGATIONS

9.      Plaintiffs file this action for claims that have been intentionally underpriced by United. The claims are submitted by Plaintiffs to United for pricing and payment according to reasonable standards.

10.     Plaintiffs are, and at all times relevant to this litigation, were Surgical Assists ("SA") that provide medically necessary health care services related to medical and surgical procedures performed at healthcare facilities.

11.     At all relevant times to this litigation, Plaintiffs were not contracted with any of the Defendants, nor "participated" in any of their provider networks. Thus, Plaintiffs are what is known as a "non-contracted" or "out-of-network" provider with respect to Defendants.

12.     At all relevant times herein, Plaintiffs have provided health care services to patients who, at the time Plaintiffs provided the services, were members of health benefit plans for which United exercised administrative responsibilities (patients shall hereinafter be referred to as "members").

13.     Plaintiffs are informed and believe that the health benefit plans at issue in this matter are all governed by ERISA.

14.     Plaintiffs are informed and believe that all of the Health Plans at issue permitted their members to obtain medical and surgical services at out-of-network providers, such as Plaintiffs.

15.     On or about the time that Plaintiffs provided the health care services to each of the members, Plaintiffs, or individuals acting for the benefit of Plaintiffs, obtained a written assignment of each member's benefits under the Health Plans.

16.     On information and belief, United paid and continues to pay claims submitted by Plaintiffs using an arbitrary methodology.

17.     Below are some examples of the arbitrary decisions made by United:

      a.     On 11/18/19   A Patient had shoulder surgery  CPT codes 29827 29824,  29826  29823 – United  and  DIS  paid  $11,705.18  on 9/14/2020

b.     On 12/28/2020, a patient had shoulder surgery CPT codes 29827 29824,  29826, 29823 – United and DSI on 9/15/2021 would only offer $2,396.87.

18.     This is only one example of how United and DIS  offer unreasonable and arbitrary payment amounts to Plaintiffs both on its own behalf and on behalf of the ERISA plans which contract with United to administer the plans.

19.     Plaintiffs are informed and believe, and thereon allege, that the ERISA plans have at all pertinent times been aware that United's practices are improper.

20.     SA's all across the state of Texas, including Plaintiffs, have been harmed by the Defendants' failure to properly pay for SA services that were provided to the Defendants' members.

## ASSIGNMENT AND STANDING

21.     As a condition of the provision of services by Plaintiffs, each patient signs an agreement assigning his or her health insurance benefits to providers such as Plaintiffs. Each assignment of benefits provides for Plaintiffs to be paid directly for the services provided to the patient.

22.     For every claim at issue in this litigation, Defendants waived any objections to or limitations on the assignment of benefits and the members' right to assign the benefits, by, inter alia, receiving and processing Plaintiffs' claims, and making and administering payments directly to Plaintiffs on such claims.

23.     Plaintiffs have standing to pursue the claims for relief in this Complaint as an assignee of the members' benefits under the plans, as a party who has suffered injury in fact and lost money and/or property as a result of the Defendants' conduct, and as a party who rendered services to the members with the knowledge of and at the request of the Defendants and was not appropriately compensated for the fair market value of those services.

## CLASS ALLEGATIONS

24.     Plaintiffs bring claims on behalf of a class (the "Class") defined as follows:

Surgical Assists who performed procedures in the state of Texas for patients insured by United under Plans that are governed by ERISA and where United processed a claim for Surgical Assist services under Taxonomy codes 246ZC0007X, 363L00000X, 364S00000X, 363A00000X, 163WR0006X, and/or 246ZC0007X and determined that benefits were due and owing under the Plans but failed to pay reasonable and customary rates for said services.

25.     The members of this proposed Class are so numerous as to make joinder of all members impractical. Although the precise number of United insureds and their providers effected and impacted by United's conduct is known only to United and can be obtained during discovery. United is one of the largest insurance companies in the United States and administers claims on behalf of millions of insureds.

26.     There are questions of law or fact common to the Class, including but not limited to whether the fees paid for the applicable services are reasonably and customary.

27.     Plaintiff will fairly and adequately protect the interests of the members of the Class, are committed to the vigorous prosecution of this action, have retained counsel competent and experienced in class action litigation and the prosecution of ERISA claims, and have no interests antagonistic to or in conflict with those of the Class.

28.     United and DIS have acted on grounds that apply generally to the Class, as United and DIS engage in a uniform practice of reducing and offering to pay unreasonable amounts for surgical assist services.

29.     In its role as a claims administrator and ERISA fiduciary for the plans at issue, United and DIS maintain records of when and how it receives, processes, pays, or refuses to pay claims for surgical assist services.

30.     Moreover, United and DIS have records, or will have the ability to access such records, reflecting any agreements that it or any of its vendors have with Class members. Accordingly, the members of the Class can be readily and objectively ascertained through use of United's records or the records United can access from its vendors.

### The Harm Caused to Plaintiffs

31.     Plaintiffs are informed and believe that, and thereon alleges, that all of their claims which were underpaid or offered to be underpaid involve health benefit plans in which out-of-network benefits are covered.

32.     It is an abuse of their discretion and fiduciary duties for Defendants to calculate out-of-network benefit payments in the manner that United and its vendor Data iSight have done.

33.     By using arbitrary and inappropriate methodologies to price and pay Plaintiffs' out-of-network, the Defendants have systematically and drastically underpriced and underpaid Plaintiffs for their services.

34.     Plaintiffs suffer direct harm by incurring expenses to provide the services, and then being forced into the position of incurring further expenses seeking corrected reimbursements from Defendants and having to attempt to collect amounts from members that the members justifiably believe should be covered by their health benefit plans. Plaintiffs are informed and believe that the members also reasonably expected that their health benefit plans, which purport to give them the freedom to choose out-of-network providers, would properly calculate and pay out-of-network benefits in a reasonable manner.

### United's and DIS' Roles and Responsibilities with Respect to Claims

35.     United, and its related company DIS,  is one of the nation's largest health insurers. It underwrites and issues thousands and potentially millions of health insurance plans.

36. When individuals and families who do not receive employer-sponsored health insurance purchase health insurance policies directly from United, United typically has sole responsibility and discretion to administer and pay claims submitted under such policies.

37. United also contracts with other entities that provide health benefit plans - such as private employer-sponsored benefit plans, government-sponsored plans, welfare trusts and other sources - in order to provide administrative services.

38. The administrative responsibilities assumed and exercised by United include, but are not limited to, providing Plan members with Plan documents, providing access to a network of contracted providers, communicating with Plan members and health care providers, such as Plaintiffs, interpreting and applying Plan terms and provisions, making coverage and benefits decisions, processing and adjudicating benefit claims with respect to health care services provided by both contracted (i.e., "in-network") and non-contracted (i.e., "out-of-network") providers, pricing such benefit claims, making and administering payments with respect to such benefit claims, processing and adjudicating appeals of such benefit determinations, functioning as the plans' "Claims Administrator," functioning as the plan's "Plan(s)Administrator," functioning as the Plans Administrator's "designee," functioning as the plans' de facto Plan Administrator, functioning as a co-Plan's Administrator, and/or other administrative functions.

## UCR Reimbursement to SAs

39. Plaintiffs are informed and believe that the Health Plans involved in this litigation typically provide that the member has the freedom to choose in-network or out-of-network providers, and that covered services provided by out-of-network providers will be eligible for reimbursement pursuant to the out-of-network benefit provisions of the plan.

40.     The Health Plans also typically provide that in-network providers have agreed to accept specifically negotiated, discounted rates for their services that out-of-network providers have not agreed to accept, and that the Health Plans provide certain incentives to the in-network providers.

41.     Plaintiffs are informed and believe that the Health Plans also typically provide that surgical services provided by SAs are covered.

42.     Plaintiffs are informed and believe that each of the ERISA Plans at issue in this litigation that offer out-of-network coverage.

43.     Each year United processes hundreds to thousands of claims submitted by Plaintiffs for health care services that Plaintiffs provide to members pursuant to the Health Plans and the assignments of benefits under those ERISA Plans that Plaintiffs receive from the members. From 2018 through the present, Plaintiffs timely submitted numerous claims for payment to United as a result of services provided by Plaintiffs to the members.

44.     To date, Defendants have offered to reimburse Plaintiffs for only a fraction of the amount due to Plaintiffs in respect of the claims, despite many appeals and demands submitted to Defendants by or on behalf of Plaintiffs.

45.     At all relevant times, Plaintiffs submitted the appropriate claim forms for payment to United. The claim forms include information such as the type of procedure, the coding for the procedure, the fact that Plaintiffs are an assignee of the member's benefits, and other information by which the claim can be processed and paid.

46.     The claim form also includes Plaintiffs' billed charges. These bills are submitted on industry standard forms, commonly known as CMS Billing ("CMS-1500") forms. The "charge" amount that Plaintiffs submits on a reimbursement claim is the same regardless of whether the

payor is an out-of-network payor, an in-network payor, a government payor, or a private payor. This also is industry standard.

47.    Plaintiffs' billed charges are competitive with both other out-of-network SAs and in-network SAs in the same geographic region in which Plaintiffs provides services.

48.    In accordance with the assignment of benefits, after processing Plaintiffs' claim, either United or the ERISA Plans sends the reimbursement check and an accompanying EOB directly to Plaintiffs, thereby affirming the validity of the assignment of benefits and acknowledging Plaintiffs' status as the "beneficiary" and "claimant" for benefits.

49.    In most instances, as an out-of-network provider of health care services, Plaintiffs submitted the claims to United for pricing and payment according to a payment rate that in the industry and in Plans documents is commonly referred to as the "Usual, Customary and Reasonable" rate, the "Reasonable and Customary" amount, the "Usual and Customary" amount, the "Reasonable Charge," the "Prevailing Rate," the "Usual Fee," the "Competitive Fee," or some other similar phrase that, in the context of the healthcare industry, and in the Defendants' own parlance, means essentially the same thing. The industry shorthand for these terms is "UCR."

50.    Plaintiffs are informed and believe that the ERISA Plans at issue in this litigation typically provide that for out-of-network services. The plans will reimburse charges based on amounts charged by other providers for similar services or supplies.

51.    The sponsors and administrators of the ERISA Plans, including United and the other Defendants, have fiduciary duties to ensure that out-of-network claims, such as those submitted by Plaintiffs, are properly priced and paid according to the appropriate standard, as set forth in the plans' governing documents and in United's and the other Defendants' communications with Plaintiffs and the members regarding Plans benefits.

52.     But Plaintiffs are informed and believe that United, on behalf of itself and the ERISA Plans - and, through their collusion with United, the other Defendants - has participated in the systematic underpricing and underpayment of Plaintiffs' claims, as well as in the systematic obfuscation, misrepresentation, and concealment of that misconduct.

53.     In fact, Defendants have, in many cases, paid Plaintiffs vastly lower amounts than they paid for similar services to an affiliated out-of-network SA in the same geographic area during the same general period of time. Plaintiffs are informed and believe that the reduced payments received or offered to Plaintiffs were based on United's flawed and improper methodologies.

## CLASS ALLEGATIONS

### COUNT I
(Claim for relief under ERISA, 29 U.S.C. § 1132(a)(1)(B))

54.      The foregoing allegations are re-alleged and incorporated by reference as if fully set forth herein.

55.     This count is brought pursuant to 29 U.S.C. § 1132(a)(1)(B).

56.     United violated the written terms of its insurance policies it administered and administers, as well as its fiduciary duty to honor written Plans terms, by underpricing and underpaying Surgical Assists for surgeries done under Taxonomy Codes 246ZC0007X, 363L00000X, 364S00000X, 363A00000X, 163WR0006X, and/or 246ZC0007X

57.     United also violated its ERISA fiduciary duties, including its duty of loyalty, because its decision not to apply such negotiated rates reflected its elevation of its own interests and those of its employer customers above the interests of Plans members, and the duty to act in accordance with the written terms of the plan.

**COUNT II**
(Claim for relief under ERISA, 29 U.S.C. § 1132(a)(3)(A))

58.     The foregoing allegations are re-alleged and incorporated by reference as if fully set forth herein.

59.     This count is brought pursuant to ERISA, 29 U.S.C. § 1132(a)(3)(A), to enjoin United's unlawful acts and practices, as detailed herein. Plaintiffs bring this claim only to the extent that the Court finds that the injunctive relief sought below is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B).

**COUNT III**
(Claim for relief under ERISA, 29 U.S.C. § 1132(a)(3)(B))

60.     The foregoing allegations are re-alleged and incorporated by reference as if fully set forth herein.

61.     This count is brought pursuant to 29 U.S.C. § 1132(a)(3)(B), to obtain appropriate equitable relief to redress United's violation of ERISA and of its Vendor Contract Plans. Plaintiffs bring this claim only to the extent that the Court finds that the equitable relief sought below is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3)(A).

**COUNT IV**
(Claim for relief under 29 U.S.C. § 1132(a)(l)(B) For Failure to Pay ERISA Plans Benefits)
(Against All Defendants)

62.     The allegations of the prior paragraphs of this Complaint are hereby repeated as if fully set forth herein.

63.     This cause of action is alleged by Plaintiffs for relief in connection with claims for treatment rendered to members of an ERISA Plans. This cause of action seeks to recover benefits, enforce rights, and clarify rights to benefits under 29 U.S.C. § 1132(a)(l )(B). Plaintiffs have standing to pursue these claims as assignee of the members' benefits under the ERISA Plans. As

the assignee of benefits under the ERISA Plans, Plaintiffs are a "beneficiary" entitled to collect benefits under the terms of the ERISA Plans and is the "claimant" for purposes of the ERISA statute and regulations.

64.     ERISA authorizes actions under 29 U.S.C. § 1132(a)(l)(B) to be brought against the ERISA Plans as entities, against the ERISA Plans' administrators, and against other appropriate entities.

65.     Plaintiffs are informed and believe that, with respect to each of the ERISA Plans at issue in this, but which do not specifically designate a Plans administrator, United effectively controls the decision whether to honor or to deny a claim under the plan, exercises authority over the resolution of benefit claims, and/or has responsibility to pay the claims. Therefore, United is a proper defendant for this claim. United also plays a role as the de facto Plans administrator for such plans. United functioned and/or continue to function as Plans administrators insofar as they have, among other things, provided Plans documents to participants, received benefit claims, evaluated and processed those claims, reviewed and interpreted the terms of the plan, made initial benefit determinations, made and administered benefit payments, handled appeals of benefit determinations, and served as the primary point of contact for members and providers to communicate regarding benefits and benefit determinations.

66.     At all relevant times, Plaintiffs were entitled to reimbursement under the ERISA Plans in accordance with the UCR standard on each of the claims at issue in this litigation. Defendants breached the ERISA Plans' benefits provisions by underpricing and underpaying Plaintiffs for the out-of-network services provided by Plaintiffs to the members and covered under the ERISA Plans, and due to Plaintiffs as the assignee of the members' out-of-network benefits.

67.    Plaintiffs are deemed to have exhausted all administrative remedies available to it because Defendants failed to establish and follow reasonable claims procedures or a full and meaningful review and appeal process, as required by ERISA. United and the ERISA Plans have routinely failed to process claims submitted by Plaintiffs in a manner consistent or substantially in compliance with ERISA regulations. *See* 29 C.F.R. § 2560.503-1. Among other things, United and the ERISA Plans:

(a)    failed to provide the specific reason or reasons for their benefit determinations or review determinations, including information concerning the flawed and inappropriate methods used for pricing Plaintiffs' out-of-network claims, and frequently provided inconsistent and conflicting explanations for the same benefit determinations;

(b)    failed to make reference to the specific Plans provisions on which their benefit determinations or review determinations were based;

(c)    failed to provide Plaintiffs with a sufficient description of the ERISA Plans' review procedures;

(d)    failed to provide review of appeals that did not afford deference to the initial benefit determination, and which was conducted by an appropriate named fiduciary of the Plans who is independent of the person who made the initial benefit determination;

(e)    denied Plaintiffs the right to appeal benefit determinations and/or employed policies designed to unduly obstruct, hamper, and delay the appeal of claims submitted by Plaintiffs, including, but not limited to, systematic reliance on inappropriate data, refusal to acknowledge provider appeals as appeals, requiring more than two levels of appeal, and characterizing required levels of appeal as discretionary or voluntary; and

(f)    denied Plaintiffs' efforts to become sufficiently acquainted with the terms of the ERISA Plans as well as the true methods used to reimburse Plaintiffs' claims, thereby rendering the administrative appeal a futile and meaningless endeavor.

68.    Plaintiffs also exhausted any administrative remedies available to it by pursuing administrative relief before filing suit. Plaintiffs' employees repeatedly sent appeal letters to

United challenging the benefit determinations and the amounts reimbursed to Plaintiffs and made numerous phone calls to United with respect to their claims.

69.     By reason of the foregoing, Plaintiffs are entitled to past due benefits, future benefits, declaratory relief, prejudgment interest, and attorneys' fees.

## JURY DEMAND

70.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs respectfully demand trial by jury on all issues so triable. Pursuant to Local Rule CV-38(a), Plaintiffs are filing a separate document making this jury demand.

**WHEREFORE**, Plaintiffs pray for and demand judgment against the Defendants as set forth above and as follows:

1.      On the First Claim for Relief under ERISA, past due benefits, plus interest, attorneys' fees, and a declaration that Plaintiffs are entitled to have the United Defendants and the ERISA Plans:

  (a)     compile a valid database of charges by Plaintiffs and other similar providers in the same geographic area (the distance that could reasonably be considered appropriate for a member to travel in the same area);

  (b)     calculate Plaintiffs' past and future benefits pursuant to a fair and reasonable method;

  (c)     pay future Plaintiffs' benefit claims using an appropriate methodology;

  (d)     issue new EOBs for past benefit claims, and correct EOBs for future benefit claims, that are in compliance with applicable regulatory notice standards;

  (e)     implement benefit claims and appeal processes that provide a full, meaningful, and independent review of benefit determinations, and that are consistent and substantially in compliance with ERISA regulations and the terms of the Health Plans; and

(f)      cease and desist from employing policies and procedures designed to deny or to unduly obstruct, hamper, and delay Plaintiffs' right to appeal the benefit determinations as to their submitted claims.

2.     For the awarding prejudgment interest and costs, including attorneys' fees; and

3.     For the awarding of such other relief as the Court deems just and proper.

**WHEREFORE**, Plaintiffs demand judgment in their favor against United as follows:

1.     Certifying the Class and appointing Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

2.     Declaring that United violated its legal obligations in the manner described herein;

3.     Permanently enjoining United and DIS from engaging in the misconduct described herein;

4.     Awarding benefits due, plus pre- and post-judgment interest, or ordering United to re-adjudicate the benefit amounts and cause the full amount of benefits owed to be paid, based onthe amounts required under the terms of the negotiated rate agreements that the ONET providershave entered into with United or one of its vendors, plus pre- and post-judgment interest;

5.     Ordering United and DIS to disgorge any profits it earned through the ERISA and Plans violations detailed herein, to issue restitution for the losses suffered by Class Members as a resultof such misconduct, and/or to order payment of an appropriate surcharge as necessary to make Class Members whole;

6.     Awarding Plaintiffs disbursements and expenses of this action, including reasonable attorney fees, in amounts to be determined by the Court; and

7.     Granting such other and further equitable or remedial relief as is just and proper.

Respectfully submitted,

*/s/ T. Micah Dortch*

**TIMOTHY MICAH DORTCH**
Texas Bar No. 24044981
**POTTS LAW FIRM, LLP**
2911 Turtle Creek Blvd, Suite 1000
Dallas, Texas 75219
Tel:  (214) 396-9427
Fax: (469) 217-8296
Email: mdortch@potts-law.com

**DEREK H. POTTS**
Texas Bar No. 24073727
**CHRISTOPHER D. LINDSTROM**
Texas Bar No. 24032671
**POTTS LAW FIRM, LLP**
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: dpotts@potts-law.com
Email: clindstrom@potts-law.com

**ATTORNEYS FOR PLAINTIFF**